**Elliot M. HERSHBERG, Petitioner–Appellant,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent–Appellee.**

No. 06–1086–ag.

United States Court of Appeals, Second Circuit.

Dec. 28, 2006.

Michael E. Grenert (Stephen J. Steinlight, on the brief), Liddle & Robinson, LLP, New York, NY, for Petitioner–Appellant.

Christopher Paik, Special Counsel (Brian G. Cartwright, Andrew N. Vollmer, Jacob H. Stillman, Katharine Greshham, on the brief) Securities and Exchange Commission, Washington, D.C., for Respondent–Appellee.

* The Honorable Dora L. Irizarry, District Judge for the Eastern District of New York, sitting by designation.

PRESENT: Hon. JON O. NEWMAN, Hon. PETER W. HALL, Circuit Judges, Hon. DORA L. IRIZARRY, District Judge.*

### SUMMARY ORDER

Elliot Hershberg appeals from an order of the Securities and Exchange Commission ("SEC") dismissing his application for review of a decision of the National Association of Securities Dealers, Inc. ("NASD") permanently barring him from association with any NASD member firm for failing to provide testimony as requested by the NASD.

In reviewing the SEC's opinion and order, this Court will affirm the factual findings if supported by substantial evidence. *MFS Sec. Corp. v. SEC*, 380 F.3d 611, 617 (2d Cir.2004). The Administrative Procedure Act, which applies to this Court's review of the SEC, provides that a reviewing Court will set aside a Commission's actions only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (quoting the Administrative Procedure Act 5 U.S.C. § 706(2)). The "traditional standard used for judicial review of agency actions ... is deferential, and [this Court] may neither engage in [its] own fact-finding nor supplant the SEC's reasonable determinations." *Valicenti Adv. Servs., Inc. v. S.E.C.*, 198 F.3d 62, 64–65 (2d Cir.1999) (per curiam) (citation and internal parentheses omitted). This Court will not "overturn the setting of sanctions by an administrative body unless the sanctions are 'unwarranted in law ... or without justification in fact.'" *Markowski v. S.E.C.* 34 F.3d 99, 105 (2d Cir.1994) (quoting *Butz v. Glover Livestock Commission*

*Co.,* 411 U.S. 182, 185–86, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973)).

The SEC's conclusion that Hershberg's complete abandonment of the request for testimony for over fourteen months until the eve of the final imposition of permanent bar, "amounted to a complete failure to respond," as opposed to merely failing to timely respond, is supported by substantial evidence in these circumstances. Although Mr. Hershberg contends complete bar is inappropriate because violations of Rule 8210 by others have not resulted in a bar, sanctions are imposed on a case-by-case basis. *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 187, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973) ("The employment of a sanction within the authority of an administrative agency is thus not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases."); *Sundheimer v. Commodity Futures Trading Com'n,* 688 F.2d 150, 153 (2d Cir.1982) ("Although the sanctions imposed by the Commission were severe, apparently more severe than had been imposed in other cases, they were within statutory limits and constituted a proper exercise of the agency's discretion.").

The SEC's decision to affirm the sanction of a bar, which was appropriate under the NASD Sanction Guidelines for an "individual [who does] not respond in any manner," *NASD Sanction Guidelines,* at 35 (2006 Ed.), was not arbitrary, capricious, or an abuse of discretion.

For the foregoing reasons, the decision of the Securities and Exchange Commission is **AFFIRMED.**