*Visiontron Corp. v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> COLLEEN MCMAHON,
> *District Judge*.*

---

VISIONTRON CORP.,

     *Petitioner*,

     v.                                      No. 20-1273

UNITED STATES OF AMERICA,

     *Respondent*.

---

* Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PETITIONER:**   David P. Fallon, Law Offices of David P. Fallon, PLLC, Sayville, NY.

**FOR RESPONDENT:**   Jeffrey C. Bossert, Acting Assistant Attorney General, Justin R. Markel, Paul Fiorino, Senior Litigation Counsels, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

Petition for review of a decision of the Office of the Chief Administrative Hearing Officer for the Executive Office of Immigration Review ("OCAHO").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the decision of the OCAHO is **DENIED**.

Appellant Visiontron Corp. ("Visiontron") petitions pursuant to 8 U.S.C. § 1324a(e)(8) for review of a final order issued by OCAHO, in which an administrative law judge ("ALJ") concluded that Visiontron had committed substantive violations of section 274A of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1324a, and imposed a fine of $47,850. Specifically, in a March 17, 2020 written order, the ALJ found, based on a 2018 inspection of Visiontron's employment eligibility forms by Immigration and Customs Enforcement ("ICE"), that Visiontron had "failed to prepare and/or present I-9[] [employment eligibility verification forms] for nine employees," "failed to timely prepare and/or present

I-9s for three employees," and "failed to ensure proper completion of section 1 and/or failed to properly complete sections 2 or 3 for twenty-five employees." J. App'x at 238. Based on these findings, the ALJ determined that Visiontron was "liable for thirty-seven violations of [8 U.S.C.] § 1324a(a)(1)(b)." *Id.* ICE sought $101,703.50 in penalties for these violations. After reviewing the record and the relevant statutory factors set out in 8 U.S.C. § 1324a(e)(5), the ALJ rejected ICE's proposed penalty and instead imposed a fine of $47,850. Visiontron now petitions for review of that decision.

"We review an order of the OCAHO issued pursuant to 8 U.S.C. § 1324a under the arbitrary[-]and[-]capricious standard." *Buffalo Transp., Inc. v. United States*, 844 F.3d 381, 384 (2d Cir. 2016). We review an agency's factual findings under the substantial-evidence standard and its legal determinations de novo. *Id.* "When reviewing agency fines[,] our inquiry is limited to whether the agency made an allowable judgment in its choice of the remedy." *Id.* at 386 (internal quotation marks and alteration omitted).

Section 274A of the INA requires employers to verify that their employees are legally authorized to work in the United States. *See* 8 U.S.C. § 1324a(b). To do this, employers must complete the I-9 employment eligibility verification form

3

within three business days of an employee's hire. *See Buffalo Transp.*, 844 F.3d at 384 (citing 8 C.F.R. § 274a.2(b)(1)(ii)). Employers must provide these forms for inspection by ICE upon three business days' notice. *See id.* (citing 8 C.F.R. § 274a.2(b)(2)(i)–(ii)). Failure to adequately complete or provide these forms can result in civil penalties. *See id.* at 384–85.

As noted above, OCAHO determined that Visiontron had committed thirty-seven violations of section 274A. When OCAHO finds a violation of section 274A, it must set a fine for each individual violation. For violations that occurred on or between September 29, 1999 and November 2, 2015, the penalty range is $110 to $1,100. *See* 8 C.F.R. § 274a.10(b)(2). For violations that occurred after November 2, 2015, and which are assessed after January 29, 2018 but on or before June 19, 2020, the penalty range is $224 to $2,236. *See* 28 C.F.R. § 85.5. In assessing the fine, OCAHO must give "due consideration" to five factors: (1) "the size of the business of the employer being charged," (2) "the good faith of the employer," (3) "the seriousness of the violation," (4) "whether or not the individual was an unauthorized alien," and (5) "the history of previous violations." 8 U.S.C. § 1324a(e)(5); *see also* 8 C.F.R. § 274a.10(b)(2).

4

Here, the ALJ concluded that a fine of $47,850 was appropriate after carefully considering the relevant statutory factors. Specifically, the ALJ found that Visiontron was "a small business with fewer than 100 employees," which was a mitigating factor. J. App'x at 234. The ALJ further observed that Visiontron "did not have a history of violations," and treated this factor – along with the "good faith" factor – as neutral. *Id*. at 234–35. As to the seriousness factor, however, the ALJ noted that Visiontron committed "serious" violations, including failing to sign the required employer attestation, failing to prepare I-9 forms, and failing to ensure that employees attest to their immigration status. *Id*. at 235–36. And as to certain of the violations (pertaining to six unauthorized workers listed in Count IIIA), the ALJ concluded that penalties for the Count IIIA violations were further aggravated by the presence of unauthorized workers. *Id*. at 236. After balancing these factors, the ALJ determined that the following fines were appropriate: $645 for the two violations that occurred before November 2, 2015 (out of a penalty range of $110 to $1,100); $1,290 per violation for the majority of violations occurring after November 2, 2015 (out of a penalty range of $224 to $2,236); and $1,525 for the violations in Count IIIA (also out of a penalty range of $224 to $2,236). *Id*. at 237.

Visiontron nonetheless asserts that the ALJ's penalty calculation was arbitrary and capricious.[1]   First, Visiontron contends that it was "improper" for the ALJ to use "ICE's proposed fines as a starting point" when assessing the fine against Visiontron.   Visiontron Br. at 10.   But the ALJ properly acknowledged that the government's "penalty calculations are not binding in OCAHO proceedings," J. App'x at 239 (internal quotation marks omitted), and specifically stated in the order that, "for the majority of violations," she would "us[e] a mid-range penalty as a base penalty," *id.* at 237.

Visiontron next argues that it was wrong for the ALJ to use "the mid-range penalty as a base penalty" for the majority of the violations, because doing so "improperly replaced the minimum fine base with the mid-range . . . as the [presumed] base" for OCAHO penalties.   Visiontron Br. at 11.   But the regulations nowhere suggest that the ALJ must treat the minimum allowable fine as the starting point for all penalties in all cases.   The regulations merely require that the ALJ consider the five statutory factors when setting a fine.   *See* 8 U.S.C. § 1324a(e)(5); 8 C.F.R. § 274a.10(b)(2).   This the ALJ clearly did, finding that, after

---

[1] Visiontron does not contest any of the ALJ's factual findings and only challenges the ALJ's assessment of the appropriate fine as arbitrary and capricious.

6

considering the totality of the circumstances as set forth in the record and pleadings, a mid-range base penalty was appropriate as a starting point of the analysis for the majority of the violations, before she applied adjustments based on each of the statutory factors to determine the ultimate fine. J. App'x at 237. In short, the ALJ's method of calculating the fine was neither arbitrary nor capricious, nor outside her considerable discretion when it comes to the determination of penalties. Accordingly, because the ALJ's choice of calculation methods was clearly "allowable," we will not disturb it. *Buffalo Transp.*, 844 F.3d at 386 (internal quotation marks omitted).[2]

Finally, Visiontron insists that the ALJ's fine is disproportionate to the company's violations and that the ALJ "did not give proper weight to the [statutory] factors." Visiontron Br. at 13. As noted above, when we review an administrative fine, our inquiry is limited to asking whether the administrative body made "an allowable judgment in its choice of the remedy" that was neither

---

[2] Indeed, there is no single method for calculating penalties, and OCAHO ALJs have used a variety of methods to calculate fines. *See, e.g.*, *United States v. Davis Nursery, Inc.*, No. 93A00193, 1994 WL 721954, at *11 (O.C.A.H.O. Sept. 30, 1994) (applying a "mathematical[-]formula" approach to calculate fines that gives equal weight to each of the five statutory factors); *United States v. Williams Produce, Inc.*, No. 93A00220, 1995 WL 265081, at *4 (O.C.A.H.O. Feb. 3, 1995) (applying a "judgmental . . . approach" that sets "each [statutory] factor's significance . . . based on the facts of [the] specific case").

7

arbitrary nor capricious. *Buffalo Transp.*, 844 F.3d at 386 (internal quotation marks and alteration omitted). Again, the ALJ here clearly based the fine on her assessment of the statutory factors, including, for example, the size of Visiontron's business and the six unauthorized workers on its payroll. The ALJ then relied on these factors when assessing the fine. We therefore cannot say that the ALJ failed to provide "well-reasoned bases for the fine amounts based on [Visiontron's] specific circumstances." *Id.* at 387.

The fact that OCAHO has imposed lesser fines in other cases is of no moment. A fine is not "rendered invalid in a particular case because it is more severe than sanctions imposed in other cases," as each case turns on the unique facts at hand. *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 187 (1973); *see also Hershberg v. SEC*, 210 F. App'x 125, 126 (2d Cir. 2006) (holding sanctions are imposed on a case-by-case basis). Because the ALJ set a fine within the permissible penalty range after carefully considering the statutory factors, the fine was an "allowable judgment" that this Court will not disturb. *United States v. Int'l Bhd. of Teamsters*, 170 F.3d 136, 143 (2d Cir. 1999) (internal quotation marks omitted).

We have considered Visiontron's remaining arguments and find them to be meritless.[3]   Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Visiontron also raises a fleeting constitutional challenge to the fine, conclusorily asserting that the fine is "grossly disproportional to the gravity of the offense" in violation of the Eighth Amendment's excessive fines clause.   Visiontron Br. at 19.   Visiontron, however, fails to sufficiently develop this argument and has thus forfeited it.   *See United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)).